PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
ALIS MOON, CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and WALMART INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN S. BANSAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., WALMART INC. and DOES 1 through 25,<br><br>Defendants. | Case No. '22CV1932 BEN DDL<br><br>**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Laura Kish and Mitchell A. Wrosch in Support of Removal]<br><br>Complaint Filed: October 6, 2022<br>Trial Date: None<br>District Judge: Hon. _____ Courtroom \_\_, _____<br>Magistrate Judge: Hon. _____ Courtroom \_\_, _____ |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF FRANKLIN S. BANSAL AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants Wal-Mart Associates, Inc. and Walmart Inc., by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendants state as follows:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Franklin Bansal filed a putative Class Action Complaint against Wal-Mart Associates, Inc. and Walmart Inc. ("Defendants" or "Walmart") on October 6, 2022 in the Superior Court of the State of California for the County of San Diego. (See Declaration of Mitchell Wrosch ["Wrosch Decl."], ¶ 2.) Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of any and all process, pleadings and orders served upon Walmart are attached as Exhibit A to the Wrosch Declaration, filed concurrently herewith. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Walmart has removed this action within 30 days of being served.

## II. GROUNDS FOR REMOVAL

2. Walmart is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711 ("CAFA") and since Plaintiff has filed a class action complaint where the amount in controversy exceeds five million dollars, and Walmart is a citizen of a state different from the Plaintiff.

### A. Plaintiff Brings This Case As A Class Action Against Walmart

3. Plaintiff's Complaint is titled "CLASS ACTION COMPLAINT FOR Violation of Cal. Bus. & Prof. Code, §§ 17200, *et seq.*; and Violation of Labor Code, §204." (See Complaint ["Compl."], Caption).

4. Paragraph 1 contends that "Plaintiff brings this class action under California Business and Professions Code section 17200 et seq. ('UCL') and Labor Code section 204 on behalf of himself and all California employees of WAL-MART ASSOCIATES, INC., WALMART INC., and Does 1 through 25 (collectively referred to as 'Defendants') from the date four years prior to filing this Complaint through the date of trial ('Class Members' and 'Class Period"). (Compl., ¶ 1.)

5. The Complaint purports to bring claims on behalf of the following putative class:

> All persons who worked as nonexempt employees for Defendants in California at any time from four years prior to the date of filing of this action through the date of trial who received nondiscretionary payments (e.g., incentives, bonuses, commissions) and sick pay during the same quarter).

(Compl., ¶ 19.)

6. Walmart denies any liability in this case, as to Plaintiff's individual and class claims, and will present compelling defenses to these claims on the merits. Walmart intends to oppose class certification. Walmart expressly reserves all rights in this regard. However, for purposes of the jurisdictional requirements for removal only, Walmart states that, as set forth in more detail below, the allegations in Plaintiff's Complaint that he seeks to represent Walmart's non-exempt associates who worked in California retail stores at any time during the period October 6, 2018 through the present, puts in controversy an amount that exceeds $5 million. See 28 U.S.C. § 1332(d)(6).

**B.  There Are More than 100 Members In The Proposed Class**

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), the action involves a putative class of at least 100 persons.

8. Plaintiff alleges that this action is brought on behalf of "All persons who worked as nonexempt employees for Defendants in California at any time from four years prior to the date of filing of this action through the date of trial who received

nondiscretionary payments (e.g., incentives, bonuses, commissions) and sick pay during the same quarter)." (Compl., at ¶ 19.)

9. During the period April 12, 2021 to May 26, 2022, approximately 31,604 hourly-paid associates of Walmart in California received wage statements that reflected receipt of both sick pay and incentive remuneration in the same pay period. (Kish Decl., ¶ 4.) Although Walmart denies that class treatment is appropriate, Plaintiff's proposed class, if certified, would consist of more than 100 members.

    **C.**    **Walmart Is A Citizen Of A Different State Than Plaintiff**

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), a member of the class is a citizen of a state different from any defendant. See 28 U.S.C. § 1332(d)(2)(A).

11. A person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. The Complaint alleges that Plaintiff was employed by Walmart in San Diego. (Compl., ¶ 10.) According to Walmart's records, Plaintiff worked at Store No. 5023 in National City, California. Plaintiff's last known address is also in National City, California. (Kish Decl., ¶ 3.)

13. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Both Wal-Mart Associates, Inc. and Walmart Inc. are incorporated in the State of Delaware, and their principal place of business is in Bentonville, Arkansas. (Kish Decl., ¶ 3.)

14. Defendants' "principal place of business," which the Supreme Court has interpreted to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); 28 U.S.C. § 1332(c)(1)) is Bentonville, Arkansas. Thus, Defendants are a citizen of Delaware and Arkansas – not California, and there is accordingly minimal

jurisdiction under CAFA.  See 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

### D.  The Amount in Controversy Exceeds $5 Million

15. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because, in addition to the other requirements of § 1332(d), the amount in controversy exceeds $5 million, exclusive of interest and costs.  See 28 U.S.C. § 1332(d)(2).

#### 1.  Alleged Labor Code § 204 Violations

16. California Labor Code Section 204(a) states, in relevant part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

17. The Complaint alleges that Defendants "violated Labor Code section 204 because they failed to timely pay Plaintiff and Class Members all earned wages.  By way of example, by underpaying sick pay wages, Plaintiff and Class Members did not receive all of their wages in a timely matter.  In fact, upon information and belief, the sick pay wages that Defendants underpaid, remain unpaid and due." (Compl., at ¶ 43.)

18. The Complaint alleges that "[f]or any initial violation, Labor Code section 201 imposes upon Defendants, and each of them, statutory penalties of one hundred dollars ($100).  For each subsequent, or any willful or intentional violation, Labor Code section 210 imposes upon Defendants, and each of them, two hundred dollars ($200) plus 25 percent of the amount unlawfully withheld." (Compl., at ¶ 44.)

19. During the period April 12, 2021 to May 26, 2022 (which represents just one year of the three year statute of limitations for Plaintiff's Section 204 claim), approximately 31,604 hourly-paid associates of Walmart in California received wage statements that reflected receipt of both sick pay and incentive remuneration in the

same pay period.[1] (Kish Decl., ¶ 5.)

20. During the period April 12, 2021 to May 26, 2022, Walmart issued 52,337 wage statements to hourly-paid associates in California which contained both the payment of sick pay and incentive remuneration. Of those 52,337 wage statements, 20,773 were subsequent wage statements, meaning, the associates who received the 20,773 subsequent wage statements received more than one wage statement that reflected both the payment of sick pay and incentive remuneration during the period of April 12, 2021 to May 26, 2022. (Kish Decl., ¶¶ 6, 7.)

21. According to the allegations in the Complaint, for an initial violation of Labor Code § 204, Labor Code § 210 imposes a $100 penalty, and subsequent violations impose a $200 penalty. (Compl., ¶ 44.) Of the 52,337 wage statements issued to putative class members from April 12, 2021 to May 26, 2022, 31,564 represent initial pay periods, totaling **$3,156,400** in penalties (31,564 x $100). The remaining 20,773 wage statements represent subsequent pay periods (meaning the associate received more than one of the wage statements at issue), totaling **$4,154,600** in penalties (20,773 x $200). Thus, the amount in controversy for Plaintiff's Labor Code § 204 claim - for only one third of the three year statute of limitations at issue on this claim - is **$7,311,000.**

**2.   Attorneys' Fees**

22. Plaintiff's Complaint requests attorneys' fees. (Compl., ¶ 45; Prayer for Relief.)

23. Under Ninth Circuit precedent, 25% of the common fund is generally used as a benchmark for an award of attorney fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Here, Walmart has shown that the claimed amount in controversy, for only one claim, and for only one third of the statute of limitations, is conservatively in excess of **$7,311,000**, and Plaintiff has not indicated he will seek

---

[1] Putative class members are paid bi-weekly. (Kish Decl., ¶ 7.)

less than 25% of a common fund in attorneys' fees. (See generally Compl., Prayer for Relief.) Although Walmart has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Gugielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); see also *Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendants' inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'").

24. Walmart denies that attorneys' fees are owed to Plaintiff or putative class members, and Walmart further reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis only, Walmart relies on Plaintiff's allegations that attorneys' fees are owed. *Guglielmino*, 506 F.3d at 700; *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 579 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds by *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

25. Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations results in estimated attorneys' fees of **$1,827,750** - for only one third of the statute of limitations for only one of Plaintiff's two claims.

E. **This Removal Satisfies The Procedural Requirements Of 28 U.S.C. § 1446**

26. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The San Diego County Superior Court

is located within the Southern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. In accordance with 28 U.S.C. § 1146(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A to the Wrosch Declaration.

28. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Diego. Notice of Compliance shall be filed promptly afterwards with this Court.

48. As required by Federal Rule of Civil Procedure 7.1, Walmart concurrently filed its Certificate of Interested Parties.

### III.   CONCLUSION

For the foregoing reasons, Walmart hereby removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: December 7, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Paloma P. Peracchio
Paloma P. Peracchio
Mitchell A. Wrosch
Alis Moon

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and WALMART INC.